**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STEVEN RAY STEVENSON, # 32211,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-910-JPG** |
| | ) | |
| **MADISON COUNTY JAIL,** | ) | |
| and **MADISON COUNTY JAIL STAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at the Madison County Jail ("the Jail"), where he is a pretrial detainee.[1]  He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining that he was not provided with proper medical treatment for serious injuries he sustained while in custody at the Jail.

According to Plaintiff's complaint, he was "in an altercation" with three other inmates on an unspecified date (Doc. 1, p. 5).  After this incident, Plaintiff was questioned by Corrections Officers Mashagen, Walker, and Tommy.  Officer Tommy took several photographs of Plaintiff's injuries.  Plaintiff asserts that he "received no medical attention from the staff at Madison County Jail."  *Id*.  He was sent to Gateway Medical Hospital for treatment, and was then transferred to St. Louis University Hospital because Gateway could not perform a C.A.T. scan of Plaintiff's head.

Plaintiff's injuries included a "hole" in the left corner of his mouth that required six

---

[1] Although the instant complaint does not disclose Plaintiff's status as a detainee or convicted prisoner, it is clear from the complaint in an earlier case he filed in this Court, *Stevenson v. Heck*, Case No. 14-cv-547-NJR, that he is in custody awaiting trial (Doc. 1, p. 6, in Case No. 14-cv-547).

stitches, and a fracture of his right orbital bone.  *Id*.  That injury caused him to suffer a partial

loss of eyesight.  He also has numbness in the left side of his face.

As relief, Plaintiff seeks compensation and a "time deduction" (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must

cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true,

*see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At

the same time, however, the factual allegations of a pro se complaint are to be liberally

construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that it fails to state a constitutional claim against any individual jail official, or against the Jail itself as a municipal entity.   This action is therefore subject to summary dismissal.   However, in an abundance of caution, the Court shall allow Plaintiff one opportunity to re-plead his claim in an amended complaint.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review pursuant to § 1915A.

Civil rights claims by pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  Pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," yet the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"   *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999), and citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).  Thus, in order to state a claim for deliberate indifference to his medical needs, Plaintiff's complaint must show that:  (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir.

2002).  *See also Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

It is clear that Plaintiff suffered from objectively serious injuries following his "altercation."  However, his pleading fails to show deliberate indifference on the part of any named Defendant or other individual.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted).  In order to state a claim against an individual Defendant, a plaintiff must describe what that Defendant did (or failed to do), that violated the plaintiff's constitutional rights.  This requirement was in fact explained to Plaintiff by this Court in the order dismissing several claims in his recent case, *Stevenson v. Heck*, Case No. 14-cv-547-NJR (Doc. 9, p. 7):

> Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See [Bell Atlantic Corp. v.] Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In the instant complaint, none of the allegations connect any individual Jail staff member to the claim that Plaintiff received no medical attention for his injuries.  It is not sufficient to collectively name all "Madison County Jail Staff" as a single Defendant in a civil rights action.  Instead, Plaintiff must identify the individual(s) who allegedly violated his rights (even if he must designate a person as a "John or Jane Doe"), and include sufficient factual content for the Court to determine whether a claim is stated against that person.

While Plaintiff did include the names of three Jail officers in his statement of claim, his

allegations do not suggest that any of them was deliberately indifferent to his need for medical attention.  To the contrary, one of those officers (or possibly some other official) recognized the severity of Plaintiff's injuries and arranged for him to be sent to an outside hospital for care.  The complaint is silent as to what other medical attention Plaintiff might have needed (or was denied) while he remained at the jail.

Furthermore, Plaintiff's allegations are wholly inadequate to state a claim against the Jail as an entity.  In order to obtain relief against a municipality (such as a county jail), a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality.  *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).  There is no suggestion that the alleged lack of medical attention was the result of an official policy.  Conversely, it appears that some protocol was followed to transfer Plaintiff to a better-equipped hospital in order to provide adequate treatment of his serious injuries.

Finally, Plaintiff's request for a "time deduction" is not cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983.  Without commenting on the potential merits of such a request, Plaintiff is instructed that the proper method to petition a federal court to order early or immediate release from custody is through a habeas corpus action.  *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991).  A state prisoner may bring such an action in federal court only if he first seeks relief in state court, and only after he exhausts his remedies there by pursuing one full round of state appellate review.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *McAtee v. Cowan,* 250 F.3d 506, 508-09 (7th Cir. 2001); 28 U.S.C. § 2254(b)(1).

**Disposition**

For the reasons explained above, the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendants **MADISON COUNTY JAIL** and **MADISON COUNTY JAIL STAFF** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **October 15, 2014**).  It is strongly recommended that Plaintiff use the forms designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 14-cv-910-JPG.  For each claim, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2014**

*s/J. Phil Gilbert*
United States District Judge
